Opinion issued October 14, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00774-CR




THE STATE OF TEXAS, Appellant

V.

SERGIO MALDONADO, Appellee




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21,682




O P I N I O N

          This is a State’s appeal from the trial court’s granting of a motion to suppress
evidence. Appellee, Sergio Maldonado, was charged with possession of less than one
gram of a controlled substance. See Tex. Health & Safety Code Ann. § 481.115
(Vernon Supp. 2004). Maldonado filed a motion to suppress, contending that the
evidence seized in connection with his detention and arrest was seized without a valid
warrant, probable cause, or other lawful authority, thereby violating his federal and
state constitutional rights. The trial court granted Maldonado’s motion and did not
file findings of fact. In a single point of error, the State contends that the trial court
abused its discretion by granting Maldonado’s motion to suppress. We affirm.
BACKGROUND
          At the suppression hearing on the motion, the only witness to testify was the
arresting officer, Walker County Sheriff’s Deputy K. Allen. Allen testified to the
following events. On April 6, 2002, he responded to a retaliation call at a private
home. When he arrived at the scene, Allen saw two men, appellee and David
Newman, standing near the open doors of a red Camaro. Allen saw both men place
something inside the car and then walk away from the car. Allen asked the men to
identify themselves. Once he determined that neither man lived at the address, Allen
continued talking with the men in order to evaluate the situation further.
          Maldonado told Allen that the two men had been riding around town all day
and had stopped to see someone named “Jimmy.” Maldonado also informed Allen
that he was the driver of the Camaro. After gathering this information, Allen
contacted dispatch and was advised that the alleged retaliation victim was named
“Jimmy.” Allen was also advised by dispatch that the Department of Public Safety
(DPS) had an outstanding arrest warrant for Maldonado. Because he had been
advised that there was an outstanding arrest warrant for Maldonado, Allen placed him
in custody. In doing so, Allen placed Maldonado’s hands on the back of the Camero
to check for weapons. As Allen handcuffed Maldonado, he looked through the back
window of the Camaro and saw two shotguns in the back. Allen questioned
Maldonado about the shotguns and then escorted him into the back of the squad car. After placing Maldonado in custody, Allen and another deputy searched
Maldonado’s car because their suspicions were aroused by (1) the existence of the
shotguns on the scene of a retaliation call, and (2) Maldonado’s and Newman’s
behavior of “digging in the front seat” while “the other one was standing behind
him.” “In fear,” Allen searched the car specifically for weapons and ammunition. The
search revealed marihuana inside a Crown Royal bag, a bent spoon in a sunglasses
case, baggies containing residue believed to be methamphetamine, and syringes in
the visor above the driver’s side seat. 
          The State did not present the warrant for Maldonado’s arrest at the suppression
hearing. However, Allen testified that dispatch advised him the warrant was valid.
Allen explained that, pursuant to Walker County policy, after a police officer stops
an individual and gives the individual’s name to dispatch, dispatch checks for any
outstanding warrants. Upon discovering any outstanding warrant, dispatch calls and
confirms the warrant with the issuing agency. Once dispatch determines the warrant
is good, dispatch will advise the officer to arrest the individual in question. Allen
testified that dispatch confirmed that there was an outstanding warrant on Maldonado.
          No other witnesses testified at the suppression hearing. At the conclusion of
the hearing, the trial court granted Maldonado’s motion to suppress and the State did
not request any findings of fact or conclusions of law.
DISCUSSION
Standard of Review
          In reviewing the trial court’s ruling on a motion to suppress evidence, we apply
a bifurcated standard of review, giving “almost total deference to a trial court’s
determination of historic facts” and reviewing de novo the court’s application of the
law of search and seizure. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000) (citing Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)). If the
issue involves the credibility of a witness, such that the demeanor of the witness is
important, then greater deference will be given to the trial court’s ruling on that issue. 
Guzman, 955 S.W.2d at 87. In a motion to suppress hearing, the trial court is the sole
trier of fact and judge of the credibility of the witnesses and the weight to be given
to their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
Accordingly, the trial court may believe or disbelieve all or any part of a witness’s
testimony, even if that testimony is not controverted. Id. 
          When, as here, the trial court does not make findings of fact, we assume that
the trial court made implicit findings that support its ruling, provided those implied
findings are supported by the record. Sims v. State, 84 S.W.3d 805, 807-08 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We will sustain the trial court’s ruling if
the ruling is reasonably supported by the record and correct on any theory of law
applicable to the case. Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003)
(citing Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)). 
Analysis
          In this case, the only evidence presented was the testimony of Allen, the 
arresting officer.


 No arrest warrant was admitted into evidence. Therefore, the
determination of probable cause and the existence of a valid warrant rested entirely
on Allen’s credibility. See Ross, 32 S.W.3d at 856. In Ross, the Court of Criminal
Appeals discussed a similar suppression motion, which was granted after a hearing
wherein the only evidence presented was the testimony of the arresting officer. Id.
at 854. In Ross, as in this case, the trial court did not file findings of fact. Id. The
Court of Criminal Appeals reasoned as follows:
We see two possible theories upon which the trial court’s ruling may
rest, either the testimony of the agent was credible, but the facts
established by that testimony do not constitute probable cause (or
reasonable suspicion for the initial detention); or the trial court did not
find the testimony of the agent to be credible. Because we agree with
the Court of Appeal’s conclusion that Agent Darnell’s testimony (if
believed) added up to reasonable suspicion for the initial stop and
probable cause for the initial arrest, we will not presume that the trial
court impliedly found that the facts simply did not add up to reasonable
suspicion or probable cause; to do so would be to presume error. The
trial court, however, was free to disbelieve all of the agent’s testimony. 
As the sole trier of fact and judge of credibility, the trial court was not
compelled to believe the agent’s testimony, even if uncontroverted,
based on credibility and demeanor. Because the evidence, if believed,
would compel a denial of the motion to suppress, the record supports the
second theory that the trial court did not find the agent’s testimony to be
credible based on demeanor, appearance, and tone. Given the absence
of any factual findings, the appellate presumption of the regularity of a
trial court’s judgment, and which party had the burden of proof, the trial
court’s implied factual findings were dispositive of the ultimate
constitutional question of probable cause. We hold that the trial court
was in its discretion in disbelieving the testimony of the agent and
granting the motion to suppress.
Ross, 32 S.W.3d at 856-57 (footnotes deleted). 
          Likewise, in this case, the trial court was free to disbelieve all of Allen’s
testimony, even though uncontroverted, based on credibility and demeanor. See id. 
“Without findings of fact, there is simply no set of ‘concrete’ facts upon which to
conduct a de novo review.” State v. Guo, 64 S.W.3d 662, 667 (Tex. App.—Houston
[1st Dist.] 2001, no pet.). We hold, therefore, that the trial court was within its
discretion in granting the motion to suppress. Accordingly, we overrule the State’s
sole point of error.
 
 
CONCLUSION
          We affirm the order of the trial court.
 
Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.2(b).